

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 SEP -8 PM 2: 38

CLERK - LAS CRUCES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                             No. CIV-03-0720 RCB/LCS
                                                   CR-01-0404 LH

EFREN AVILA-REYES,

   Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #25) filed June 16, 2003. Rule 4(b) Governing Section 2255 Proceedings. In the motion, Defendant asserts that his sentence resulted from ineffective assistance of counsel and should be reduced. Specifically, he alleges that counsel's failure to timely object to the presentence report ("PSR") or move for a downward departure prevented him from presenting meritorious grounds for a shorter sentence. He argues that the sentence imposed was thus excessive and illegal.

Before Defendant was sentenced, his attorney filed "Objections to Presentence Report and Motion for Downward Departure." As grounds, counsel argued that the PSR miscalculated Defendant's criminal history points and misstated his criminal history. At sentencing, the objections and motion were denied as untimely filed. The Court further stated that, even if the objections and motion had been timely, they would have been overruled and denied on the merits. On appeal, the Tenth Circuit reviewed Defendant's objections and motion and concluded that any error in

calculating Defendant's sentence was harmless. The sentence was affirmed.

Defendant's allegations do not state a claim for relief under § 2255. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)); *see Tillis v. Ward*, No. 02-6389, 2003 WL 21101495, at *1 (10th Cir. May 15, 2003) (ineffectiveness claim dismissed in absence of showing of prejudice). Here, as was ruled by the court of appeals, only harmless error, if any, was made in calculating Defendant's sentence. Even assuming for purposes of this order that counsel's performance was deficient, Defendant was not prejudiced thereby. *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10, 2003) (no prejudice if no error in sentencing). Defendant is not entitled to relief, Rule 4(b), and his § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. #1; CR Doc. #25) filed June 16, 2003, is DISMISSED with prejudice; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

2